UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILANDER PHILIPPEAUX,

                    Plaintiff,

          -against-

JUDGE RONNIE ABRAMS; MAGISTRATE
SARAH NETBURN; ATTORNEY GENERAL
MERRICK GARLAND,

                 Defendants.

22-CV-9391 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is incarcerated at FCC Coleman, brings this civil action asserting that

Defendants conspired to violate his rights in his criminal case, *United States v. Joris*, No. 13-CR-

0277-02 (RA) (S.D.N.Y. Feb. 2, 2016), and in his motion to vacate, set aside, or correct his

federal sentence under 28 U.S.C. § 2255, *Philippeaux v. United States*, No. 18-CV-5974 (RA)

(SN) (S.D.N.Y. Mar. 9, 2020). Plaintiff paid the filing fees to initiate this action. For the reasons

set forth in this order, the Court transfers this action to the United States Court of Appeals for the

Second Circuit.

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint

or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[Section] 1915A applies to

all civil complaints brought by prisoners against governmental officials or entities regardless of

whether the prisoner has paid a filing fee.") (citation omitted). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants "conspired to keep [him] illegally incarcerated in order to protect fellow U.S. Prosecutors who file fraudulent indictment against [him], by issuing fraudulent judgments based on misinformation." (ECF 1 ¶ 1.) This alleged conduct took place during litigation of Plaintiff's now closed motion

under 28 U.S.C. § 2255 to vacate his criminal conviction. He names as defendants Judge Ronnie

Abrams, Magistrate Judge Sarah Netburn, and Attorney General Merrick Garland.

The following facts are taken from the complaint and court records. Plaintiff was

convicted after a jury trial before Judge Robert W. Sweet of one count of conspiring to distribute

and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A),

and one count of conspiring to import cocaine in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B).

Judge Sweet sentenced him to 211 months' imprisonment on January 28, 2016. *See United States*

*v. Joris*, ECF 1:13-CR-0277-02, 116 (S.D.N.Y. Feb. 2, 2016). The Second Circuit affirmed the

conviction and sentence on June 1, 2017. *See United States v. Philippeaux*, 694 F. App'x 838 (2d

Cir. 2017).

In June 2018, Plaintiff filed a motion under Section 2255 to vacate, set aside, or correct

his sentence. The criminal matter and the Section 2255 motions were reassigned to Judge

Abrams. On March 9, 2020, Judge Abrams adopted a report and recommendation issued by

Magistrate Judge Netburn, denying Plaintiff's Section 2255 motion and several other collateral

motions. *See* ECF 1:13-CR-277-02, 145; ECF 1:18-CV-5974, 38. By mandate issued on August

28, 2020, the Second Circuit dismissed Plaintiff's appeal, challenging the denial of his Section

2255 motion. *See Philippeaux v. United States*, No. 20-1403 (2d Cir. Aug. 28, 2020). After the

dismissal of his Section 2255 motion, Plaintiff filed numerous motions in both the criminal case

and Section 2255 motion, all of which were denied.

Plaintiff now brings this action asserting that Judges Abrams and Netburn and Attorney

General Garland violated his rights under the First and Fourteenth Amendments to the

Constitution. As he has in previous motions in the criminal case and Section 2255 motion,

Plaintiff asserts that his conviction was based on a fraudulent indictment. He further alleges that

Judge Abrams violated his rights by refusing to grant his motion seeking the withdrawal of his assigned counsels in the criminal case and failing to entertain his motions so that she "would never have to address the fact that [he] was never legally indicted by a Grand Jury," proof of which is provided by "Exhibit GTU" in the criminal case. (ECF 1 ¶ 3.) Plaintiff also asserts that Defendants conspired with each other to issue judicial rulings "all based on misinformation to keep [him] from exercising his civil right to Due Process," particularly the fact that he was never indicted by a Grand Jury. (*Id*. ¶ 4.) Plaintiff seeks an order directing relief from rulings made in the criminal and Section 2255 actions and compelling Defendants to address his claims.

## DISCUSSION

Plaintiff brings this action styled as a civil rights complaint under 42 U.S.C. § 1983 against the judges and prosecutors involved in his criminal action and subsequent Section 2255 motion. Because he seeks relief from judicial rulings in those actions, the Court construes Plaintiff's new complaint as another collateral attack on the validity of his conviction. Challenges to the constitutionality of a federal conviction, however, cannot be raised in a civil rights action but must be done in a Section 2255 motion. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). As noted above, Plaintiff has already challenged his conviction and sentence in a Section 2255 motion, which was denied on the merits by the district court. *See* ECF 1:13-CR-277-02, 145; ECF 1:18-CV-5974, 38. The Second Circuit dismissed Plaintiff's appeal of the Section 2255 motion. *See Philippeaux v. United States*, No. 20-1403 (2d Cir. Aug. 28, 2020).

4

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive Section 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Plaintiff has already filed a Section 2255 motion that was decided on the merits, this application is recharacterized as a second or successive Section 2255 motion.

Before a movant may file a second or successive Section 2255 motion in a district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). Plaintiff has not indicated that he received authorization from a court of appeals to file this action. Therefore, Plaintiff must request permission to pursue this action from the United States Court of Appeals for the Second Circuit. Because second or successive motions should be transferred to the appropriate court of appeals, *Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*), in the interest of justice, the Court transfers this motion to the Court of Appeals for the Second Circuit.

Although the Court construes Plaintiff's complaint as a second or successive Section 2255 motion, the Court notes that Judge Ronnie Abrams, Magistrate Judge Sarah Netburn, and Attorney General Merrick Garland are not proper respondents for such an action. The only proper respondent for a Section 2255 motion is the United States of America. *See* 28 U.S.C. § 2255(b); *see also* Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2255 Proceedings ("there is no respondent involved in the [§ 2255] motion (unlike *habeas*) and the United States Attorney, as prosecutor in the case in question, is the most appropriate one to defend the judgment and oppose the motion"); *Heineman v. United States*, No. C 08–02461 (CW), 2008 WL 2608191, at *1 (N.D. Cal. June 27, 2008 (The proper respondent for a

Section 2255 motion is the United States.). The Clerk of Court is therefore directed to terminate as parties to this action Defendants Judge Ronnie Abrams, Magistrate Judge Sarah Netburn, and Attorney General Merrick Garland and to add the United States of America as the sole respondent.

## CONCLUSION

The Court construes Plaintiff's complaint as a motion under 28 U.S.C. § 2255, and directs the Clerk of Court to change the designation of this case to a Section 2255 motion. The Clerk of Court is further directed to terminate as parties to this action Defendants Judge Ronnie Abrams, Magistrate Judge Sarah Netburn, and Attorney General Merrick Garland, and to add the United States of America as the sole respondent.

In the interest of justice, the Court transfers this second or successive Section 2255 motion to the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 1631. *Accord Liriano v. United States*, 95 F.3d 119, 122–23 (2d Cir. 1996) (*per curiam*) (holding that second or successive § 2255 motions should be transferred to the appropriate court of appeals). All other pending matters in this action are terminated. This order closes this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge